51 F.3d 287
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Thomas JOHNSON, Defendant-Appellant.
 No. 94-3254.
 United States Court of Appeals, Tenth Circuit.
 March 27, 1995.
 
 Before ANDERSON, ALDISERT,[2] and HOLLOWAY, Circuit Judges.
 
 
 1
 Robert Thomas Johnson appeals the sentence imposed upon him following his conviction for conspiring to violate the drug trafficking laws.[3] He raises three issues: (1) Whether his sentence as a career offender under United States Sentencing Commission, Guidelines Manual, 4B1.1 constitutes legal error because 28 U.S.C. 994(b) and 21 U.S.C. 841, taken together, do not permit USSG 4B1.1 to include conspiracy convictions in the career offender category; (2) Whether the district court erred in applying USSG 4B1.1 by including in the definition of "offense statutory maximum" the sentence enhancement for prior convictions for violating the drug laws, 21 U.S.C. 841(b)(1)(C); and, (3) Whether the district court erred in not finding that he was a minor participant in the offense and granting a two-point downward adjustment in his base offense level under USSG 3B1.2.
 
 
 2
 Among other things, the government, in rejoinder, contends that the Sentencing Commission's Amendment 506 to the Career Offender Guideline, USSG 4B1.1, violates 28 U.S.C. 994(h).
 
 
 3
 Mr. Johnson concedes that the first issue is controlled by this court's recent opinion in United States v. Allen, 24 F.3d 1180, 1186-87 (10th Cir.), cert. denied, 115 S.Ct. 493 (1994), and that under the authority of Allen the district court did not err. He urges us to overrule Allen. Br. for Appellant at 14. We have no power to do so. E.g., Stewart v. Donges, 20 F.3d 380, 381 (10th Cir.1994); In re Smith, 10 F.3d 723, 724 (10th Cir.1993), cert. denied, 115 S.Ct. 53 (1994); United States v. Zapata, 997 F.2d 751, 759 n. 6 (10th Cir.1993).
 
 
 4
 The second issue, and the government's counter-contention, relates to Amendment 506 to USSG 4B1.1. The Amendment excludes enhancements for prior convictions from the determination of "offense statutory maximum" in applying USSG 4B1.1. Mr. Johnson was resentenced on July 6, 1994. Amendment 506 became effective on November 1, 1994. The district court correctly applied the guideline in effect at the time of sentencing. USSG 1B1.11. See United States v. Smith, 984 F.2d 1084, 1086-87 (10th Cir.), cert. denied, 114 S.Ct. 204 (1993).
 
 
 5
 However, as the government acknowledges in its brief, Br. for Appellee at 5, pursuant to USSG 1B1.10(a) & (c) (Nov.1994), Amendment 506 is to be applied retroactively, and Mr. Johnson is entitled to raise the issue by motion in the district court pursuant to 18 U.S.C. 3582(c)(2). USSG 1B1.10(a). At oral argument the government represented that it would not oppose such a motion by asserting that this direct appeal in any way precludes consideration of the issue on the merits in a section 3582(c)(2) motion. The government also agreed with this court that its counter argument regarding the lawfulness of Amendment 506 under 28 U.S.C. 994(h) should be considered in the first instance by the district court in conjunction with its consideration of Mr. Johnson's section 3582(c)(2) motion. Accordingly, we decline to address the merits of issue 2, above, and the government's counter argument. Those issues are dismissed without prejudice.
 
 
 6
 Mr. Johnson's third issue goes to his role in the offense. He contends he should have been given a two-point reduction in his base offense level, pursuant to USSG 3B1.2, because he was only a minor participant. In this regard he makes two arguments: (a) that the district court believed it did not have the power to grant the reduction once it determined that the career offender provisions applied; and (b) that the district court's finding that he was not a minor participant is clearly erroneous. Br. for Appellant at 21. As to the first argument, Mr. Johnson contends that reversal of his sentence as a career offender will also require a reversal of the district court's refusal to grant a downward adjustment for minor participant status. This is so, he argues, since it is impossible to tell from the record whether the court's assessment of the facts regarding Johnson's role in the offense "was short circuited by his belief that defendant was not eligible for the minor adjustment." Id. As to the second argument, Mr. Johnson points out that his codefendant, Mr. Niedfeldt, was no less culpable and he was awarded a two-point reduction. Id. at 21-22. Mr. Johnson also urges upon us the fact that his involvement in the drug transaction in question was limited to a three-hour period in which he only discussed the possibility of a transaction. Id. at 22.
 
 
 7
 We reject the argument that the district court misconceived its power. As indicated above, the court correctly determined that Mr. Johnson was a career offender for purposes of sentencing pursuant to USSG 4B1.1. Thus, the court's analysis of 3B1.2 was in a proper context. Furthermore, the district court's Sentencing Memorandum and Order, dated July 26, 1994, clearly shows that the court's decision not to grant a two-point role in the offense reduction was based solely on an evaluation of Mr. Johnson's activity in the offense itself.
 
 
 8
 With respect to the merits, as Mr. Johnson acknowledges, "A trial court's findings concerning a defendant's role in a particular offense are treated by an appellate court as factual findings, which are subject to deferential review under the clearly erroneous standard.' " United States v. Santistevan, 39 F.3d 250, 253 (10th Cir.1994) (quoting United States v. Chavez-Palacios, 30 F.3d 1290, 1295 (10th Cir.1994)); United States v. Garcia, 987 F.2d 1459, 1461 (10th Cir.1993).
 
 
 9
 The presentence report outlines the following facts, which Mr. Johnson does not dispute and which were adopted by the district court: Government agents were in the process of setting up a purchase of three gallons of phenylacetone from Mr. Johnson's brother, David, for $35,000. David was unable to complete the transaction on March 5, 1992, as contemplated because of his arrest on a parole violation warrant. So, David called Robert, who agreed to complete the transaction. In furtherance of that goal Robert met with the government's confidential informant at a location in Topeka, strip searched the informant to confirm the absence of any recording or transmitting device, then arranged to meet with the informant and another individual at another location and follow them into the country to complete the deal. Conditions and terms were set for the future meeting. David subsequently changed the date for the meeting to March 9, 1992. Early on the day of March 9, Robert was arrested on a state parole violation warrant. David proceeded with the transaction and was arrested.
 
 
 10
 Culpability in a drug transaction is not assessed by adding up the number of contacts, days, or hours involved, and keeping score among the defendants with the low score winning an offense level reduction. USSG 3B1.2 relates to the defendant's role in the offense. That is, the guideline is offense-oriented. The critical inquiry is not whether the defendant has done fewer bad acts but whether his criminal conduct is material or key to the offense. At a certain point of involvement, relativity of culpability becomes a non-sequitur. See, e.g., United States v. Lockhart, 37 F.3d 1451, 1455 (10th Cir.1994); United States v. Caruth, 930 F.2d 811, 815 (10th Cir.1991); United States v. Daughtrey, 874 F.2d 213, 216 (4th Cir.1989); see also United States v. Pena, 33 F.3d 2, 3 (2d Cir.1994) (defendant's role determined by measuring his acts against elements of offense as well as against acts of co-perpetrators).
 
 
 11
 The district court found that Mr. Johnson "played a significant role in the transaction" and was not eligible for a two-point reduction under USSG 3B1.2 as a minor participant. July 26, 1994, Mem. and Order at 15. We cannot say that this finding is clearly erroneous.
 
 
 12
 For the reasons stated above, the sentence imposed by the district court is AFFIRMED, without prejudice, however, to any motion Mr. Johnson may bring under 18 U.S.C. 3582(c).
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Ruggero J. Aldisert, Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [3]
 The general factual background is set out in our prior review of Mr. Johnson's conviction and sentence. United States v. Johnson, 12 F.3d 1540 (10th Cir.1993). The present appeal is from the resentencing proceeding which followed our remand for that purpose