79 F.3d 1156
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Robert Thomas JOHNSON, Defendant-Appellee.
 No. 95-3252
 United States Court of Appeals, Tenth Circuit.
 March 20, 1996.
Rehearing Denied April 17, 1996.
 
 Before BALDOCK, EBEL, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Robert Thomas Johnson was convicted of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. 846. He was sentenced to life imprisonment, and appealed his sentence to this Court on the ground that he was sentenced under the incorrect statutory section. We agreed, and remanded for resentencing pursuant to 21 U.S.C. 841(b)(1)(C). United States v. Johnson, 12 F.3d 1540 (10th Cir.1993). Johnson was resentenced to 188 months imprisonment. Johnson again appealed. Among other claims, Johnson asserted that the district court erred in calculating his sentence because it included in the definition of "offense statutory maximum" for purposes of U.S.S.G. 4B1.1 the statutory enhancement contained in 21 U.S.C. 841(b)(1)(C). Johnson relied on Amendment 506 to Guideline 4B1.1, which interprets "offense statutory maximum" to exclude such enhancement provisions. This Court affirmed Johnson's sentence, noting that Johnson could best raise his argument under Amendment 506 by subsequent motion before the district court. United States v. Johnson, 51 F.3d 287 (10th Cir.) (unpublished opinion), cert. denied, 116 S.Ct. 139 (1995).
 
 
 3
 Johnson then filed this motion for reduction in sentence pursuant to 18 U.S.C. 3582(c)(2), on the ground that Amendment 506 lowered the applicable Guidelines range for his offense. The district court granted Johnson's motion over the government's protest that Amendment 506 is unlawful, and reduced Johnson's sentence to 151 months. The government appeals.
 
 
 4
 On March 15, 1996, this Court issued an opinion in United States v. Novey, No. 95-6249, holding that the United States Sentencing Commission exceeded its authority in enacting Amendment 506, as the Amendment violates the Congressional directive of 28 U.S.C. 994(h) that certain repeat offenders be sentenced "at or near the maximum term authorized." Amendment 506 is therefore invalid. Accordingly, we REVERSE the district court's determination and remand for resentencing in accordance with our decision in Novey. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Circuit Rule 36.3