UNITED STATES of America, Plaintiff,

v.

Robert Thomas JOHNSON, Defendant.

Nos. 92–40015–03, 97–3125–RDR.

United States District Court,
D. Kansas.

Feb. 12, 1998.

**1260**

Jeannine D. Herron, Topeka, KS, for David Lynn Johnson.

David Lynn Johnson, Leavenworth, KS, pro se.

Michael M. Jackson, Topeka, KS, Jean K. Gilles Phillips, University of Kansas, School of Law, Lawrence, KS, for Robert Thomas Johnson.

Gregory G. Hough, Office of U.S. Atty., Topeka, KS, for U.S.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is presently before the court upon the defendant's *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[1] Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

The defendant was charged in this case with two counts of distribution or possession with intent to distribute phenyl–2–propanone

---

**1.** The instant motion was filed on April 9, 1997 and is therefore timely under the recently enacted provisions of 28 U.S.C. § 2255. *United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir.1997) ("[P]risoners whose convictions became final on or before April 24, 1996 must file their § 2255 motions before April 27, 1997.").

(P2P) in violation of 21 U.S.C. § 841(a)(1) and one count of conspiracy to distribute or possess with intent to distribute P2P in violation of 21 U.S.C. § 846. The defendant was convicted by a jury on September 22, 1992 on the conspiracy charge. He was found not guilty on the other charges. He was sentenced to life imprisonment. His conviction was affirmed on appeal, but the case was remanded for resentencing. *United States v. Johnson*, 12 F.3d 1540 (10th Cir.1993). On remand, the defendant was sentenced to 188 months. He appealed again and his sentence was affirmed. *United States v. Johnson*, 51 F.3d 287 (10th Cir.), *cert. denied*, 516 U.S. 847, 116 S.Ct. 139, 133 L.Ed.2d 86 (1995). He subsequently filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). This court reduced his sentence to 151 months. This decision was reversed on appeal. *United States v. Johnson*, 79 F.3d 1156 (10th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 2407, 138 L.Ed.2d 174 (1997). On remand, the defendant's prior sentence was reimposed.

The facts underlying the defendant's conviction were set forth in the Tenth Circuit's first opinion in this case as follows:

In February 1992, Rayburn Clark, a confidential informant for the Kansas Bureau of Investigation (KBI), told KBI Agent Randall Listrom that the Johnsons had the necessary chemicals to manufacture methamphetamine and were seeking glassware to be used in the manufacturing process.

On March 4, 1992, David Johnson told Clark that rather than obtain the glassware and complete the manufacturing process, he wanted to sell three gallons of "meth oil" (apparently, P2P), and then leave town. On instructions from the KBI, Clark set up a meeting that night between David Johnson and KBI undercover agent Jim Lane, who posed as a potential buyer. At this meeting, Johnson provided Lane with a 140–gram "sample" of P2P. The following day, David Johnson was arrested for an unrelated parole violation. From jail he arranged by telephone for Robert Johnson and "Rick" (presumably, Niedfeldt) to complete the transaction. Robert met Clark that afternoon and proposed

that Clark and Lane meet Robert and Rick and follow them into the countryside. The KBI advised Clark to reject this plan as it appeared too dangerous. David Johnson thereafter instead arranged, again by telephone from jail, to complete the transaction upon his release from jail on March 9.

On that day, Richard Niedfeldt picked up David from jail and drove him, in Niedfeldt's car, to Topeka. They met Lane and Clark in a motel room. After Lane produced $35,000 in cash, David sent Niedfeldt out to the car to retrieve the P2P. David sold Lane three jugs of the chemical, later determined to weigh a total of 11.3 kilograms, for $34,000. As David and Niedfeldt left the room, they were arrested. Niedfeldt, who was carrying the cash in a paper bag, attempted to escape but was tackled by a KBI agent.

12 F.3d at 1543.

In the instant motion, the defendant argues that: (1) he was induced to enter an agreement to withdraw his motion for new trial based upon an unfulfillable promise; (2) the court erred by failing to make a determination of the voluntariness of his waiver of new trial motion; (3) he was denied his theory of defense; (4) the court erred by improperly instructing the jury on the elements of conspiracy and agent/informer testimony; and (5) he was denied effective assistance of counsel.

In order to obtain relief under § 2255 on the basis of constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). In order to obtain relief on the basis of nonconstitutional error, the petitioner must show a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. *Reed v. Farley*, 512 U.S. 339, 353–354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994).

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28

U.S.C. § 2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n. 1 (10th Cir.1995). The court shall consider the arguments raised by the defendant in seriatim and then determine if a hearing is necessary.

A § 2255 proceeding may not be used to challenge the legality of matters which should have been raised on direct appeal. *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Allen*, 16 F.3d 377, 378 (10th Cir.1994). To overcome this procedural bar, the defendant must show cause for his failure to present the claim on direct appeal and prejudice resulting therefrom, or that a fundamental defect occurred which inherently resulted in a complete miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir.1993).

The court must initially determine if the defendant has established cause for his failure to raise the issues concerning the waiver of the new trial motion and the errors by the court in instructing the jury. A defendant may establish cause for his procedural default by showing he received ineffective assistance of counsel. *United States v. Cook*, 45 F.3d 388, 392 (10th Cir.1995). "When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue.... If the omitted issue is without merit, counsel's failure to raise it 'does not constitute constitutionally ineffective assistance of counsel.'" *Id.* at 392–93 (quoting *United States v. Dixon*, 1 F.3d 1080, 1084 n. 5 (10th Cir.1993)).

The defendant has acknowledged that the issues he raises were not raised on appeal, but he contends that they were not raised due to ineffective assistance of counsel. Accordingly, the court shall turn to the merits of the defendant's claims.

*WITHDRAWAL OF NEW TRIAL MOTION*

The defendant initially raises some arguments concerning his decision to withdraw his motion for new trial. The court shall consider these together. The defendant argues that he was induced by his attorney and the government's attorney to enter into an agreement to withdraw his motion for new trial based upon a promise that could not be fulfilled. He argues that he agreed to withdraw his motion for new trial upon the recommendation of his counsel after the government agreed not to oppose a two-level reduction for role in the offense. He suggests that the government's promise could not be fulfilled because his status as a career offender precluded an offense level reduction for role in the offense. Thus, the defendant contends that his waiver was not knowing and intelligent and was the product of ineffective assistance of counsel. The defendant further argues that the court erred in failing to make a determination of the voluntariness of his withdrawal of the motion for new trial. The defendant suggests that the court should have followed the dictates of Fed.R.Crim.P. 11 in considering the voluntariness of his decision.

Following his conviction, the defendant, proceeding *pro se*, filed a motion for new trial. In the motion he sought a new trial because his court-appointed counsel was ineffective. At sentencing, the court denied the motion as untimely under Fed.R.Crim.P. 33. We held that his claims of ineffective assistance of counsel should have been raised within seven days of the verdict as required by Rule 33. On appeal, the Tenth Circuit determined that one allegation was timely because it was "newly discovered evidence" under Rule 33. *Johnson*, 12 F.3d at 1548.

The hearing on the motion for new trial was scheduled for April 8, 1994. On that date, the parties reported to the court that they had reached an agreement disposing of the motion. The defendant and the government had reached an agreement that provided the defendant would withdraw his motion for new trial, and in exchange the government would not oppose a two-level reduction for role in the offense pursuant to U.S.S.G. § 3B1.2. Based upon the representations of the parties, the court granted the defendant's motion to withdraw the motion for new trial and ordered the probation office to prepare a new presentence report for resentencing.

At sentencing, the court determined that the defendant was a career offender under U.S.S.G. § 4B1.1. This decision precluded the

court from awarding a two-level reduction for role in the offense. The court, however, considered the issue anyway and concluded that the defendant was not entitled to such a reduction. The defendant appealed and the Tenth Circuit affirmed all of this court's rulings. 51 F.3d 287, 1995 WL 133373 at 3.

The defendant believes that his agreement with the government concerning the withdrawal of the new trial motion had no value because he was not entitled to a two-level reduction for role in the offense due to his career offender status. He suggests that the court, his attorney and the government's attorney should have known that he was not going to receive the role in the offense reduction when the agreement was made.

The defendant has failed to demonstrate that the promise was unfulfillable at the time it was accepted or even at a later time. The government merely agreed to not oppose a two-level reduction for the defendant's role in the offense. The government, of course, abided by this agreement and did not oppose a two-level reduction. Nevertheless, due to the application of the career offender provisions, the defendant could not receive such a reduction. The fallacy in the defendant's argument is that everyone understood, or should have understood, at the time of the agreement that the promise made by the government was meaningless. There is nothing in the record to suggest that anyone believed that the defendant would not receive a benefit from the agreement. His counsel continued to make arguments at sentencing that the defendant should not be subject to the career offender provisions. The court rejected those arguments, but obviously the defendant's counsel was not convinced that the agreement was worthless.

 The defendant apparently believes that a court must ensure that the waiver of a constitutional right is voluntary and knowing and intelligent. This argument suffers on several fronts. First, there is no constitutional right to assert a motion for new trial. The right arises from the Federal Rules of Criminal Procedure. *See* Fed.R.Crim.P. 33. The right to appeal is not even a constitutional right; it is a statutory one. *Abney v. United States*, 431 U.S. 651, 656, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Second, even if there were a constitutional right to file a motion for new trial, the law does not require the court to ensure that every waiver by a defendant of a constitutional right is knowing and voluntary. *See, e.g., United States v. Pennycooke*, 65 F.3d 9, 11 (3rd Cir.1995) (trial court has no duty to verify that defendant who is not testifying has waived that right voluntarily).

Moreover, the defendant has provided no authority for the proposition that the dictates of Rule 11 must be complied with when the court considers a motion to withdraw a motion for new trial. By its express terms, Rule 11 applies only to guilty or nolo contendere pleas. Rule 11 does not apply to a waiver or withdrawal of a motion for new trial. The court does not believe that it was necessary to fully question the defendant regarding the withdrawal of the motion for new trial. The court can and usually does rely upon the representations of counsel in considering a variety of matters, including requests for the withdrawal of motions. The representations made by defendant's counsel were adequate to allow the court to proceed.

Finally, the defendant has failed to establish that he was prejudiced even if his rights were violated. The only issue that remained for determination in his motion for new trial was the allegation that his counsel had allowed his confidential file to fall into the hands of an individual who ultimately provided the file to Rayburn Clark. The defendant has not shown that any information in that file was ever used against him. He has speculated that Rayburn Clark "skillfully utilized Robert Johnson's defense tactics," but he points to nothing in the record showing that any of Clark's testimony came from the information in the file.

## DENIAL OF THEORY OF DEFENSE

 The defendant argues his trial counsel failed to assert the defenses he suggested. He contends that he advanced two defenses that his counsel did not pursue. He believes that his counsel should have argued that he was not involved in the conspiracy to distribute P2P because his intent was to "rip off" Rayburn Clark. In other words, the defendant suggests that his counsel should have argued that he did have a criminal intent, but that his intent was to engage in

theft, not the distribution of drugs. He also argues that his counsel should have argued that he withdrew from the conspiracy. He suggests that there was evidence to support his withdrawal from the conspiracy to distribute the P2P.

This issue raises a variety of concerns and problems. Initially, we must consider the law. The law concerning whether a defendant has a constitutional right to decide what defense to pursue in a criminal case is not entirely clear. Compare *Wainwright v. Sykes,* 433 U.S. 72, 93, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (Burger, C.J., concurring) ("Once counsel is appointed, the day-to-day conduct of the defense rests with the attorney. He, not the client, has the immediate—and ultimate—responsibility of deciding if and when to object, which witnesses, if any, to call, and what defenses to develop. Not only do these decisions rest with the attorney, but such decisions must, as a practical matter, be made without consulting the client.") with *Jones v. Barnes,* 463 U.S. 745, 759, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (Brennan, J., dissenting) ("*Faretta* establishes that the right to counsel is more than a right to have one's case presented competently and effectively. It is predicated on the view that the function of counsel under the Sixth Amendment is to protect the dignity and autonomy of a person on trial by *assisting* him in making choices that are his to make, not make choices for him, although counsel may be better able to decide which tactics will be most effective for the defendant.").

Even if such a right exists, the next issue that arises is how the defendant must make his objection to his counsel's actions known. *See Dean v. Superintendent, Clinton Correctional Facility,* 93 F.3d 58, 61 (2nd Cir.1996) (defendant must object to defense at trial or show that his will was "overborne" by counsel). The court shall not examine either of these issues in more detail at this time since we believe that a hearing is necessary on the claim raised by the defendant. Prior to the hearing, the court shall expect both sides to brief these issues for the court. At the hearing, the court expects to hear evidence on the issue of whether defendant's counsel refused to pursue a defense that the defendant wished to adopt. Of course, the court will also have to determine whether the defendant is entitled to relief even if the court would ultimately resolve the aforementioned issues in favor of the defendant.

## INSTRUCTIONS

The defendant has also suggested that the court erred in failing to properly instruct the jury on the elements of conspiracy and "agent/drug addict informer testimony." As to the conspiracy instructions, the defendant contends that the court failed to instruct the jury on the necessary element of "interdependence." The defendant's argument on the second aspect of his contention, the "agent/drug addict informer testimony," is not entirely clear. The defendant appears to suggest that the court erred in not informing the jury that Clark was an agent of the government.

The court finds no error in the instructions that were given at the defendant's trial. The arguments made by the defendant concerning the conspiracy instructions were made and rejected by the Tenth Circuit in *United States v. Russell,* 109 F.3d 1503, 1513 (10th Cir.1997). The Tenth Circuit's discussion in *Russell* applies here and, therefore, we shall reject the defendant's argument about the inadequacy of the conspiracy instructions.

■ The defendant's argument that the court's failure to inform the jury that Clark was an agent of the government is equally without merit. The evidence in this case demonstrated conclusively that Clark was a government informant. There was no suggestion in the indictment or during the course of the trial that the defendant was charged with conspiring with Clark. The court made clear to the jury in a response to a question that a defendant could not be found guilty of conspiracy if he conspired only with a government agent. The court is not persuaded that the jury was confused by the court's failure to identify Clark as a "government agent."

## INEFFECTIVE ASSISTANCE OF COUNSEL

■ The court shall now consider defendant's ineffective assistance of counsel arguments. Most of these contentions relate to

the defendant's belief that his counsel denied him the opportunity to choose the proper defense or that his counsel failed to choose the proper defense. He asserts that his trial counsel (1) did not allow him to testify; (2) did not properly investigate; (3) did not call "critical" witnesses and did not properly examine or cross-examine witnesses; (4) did not read and understand the applicable law; (5) did not request appropriate jury instructions; and (6) did not present a requested defense. He also contends that trial counsel compromised his defense by allowing "crucial defense records to be transferred to a government witness." Finally, he suggests that his appellate counsel was ineffective in failing to raise the issue of insufficient jury instructions on appeal.

▪ A successful claim of ineffective assistance of counsel requires a showing both that counsel's performance was deficient and that this deficient performance prejudiced the defendant. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The court must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* 466 U.S. at 690. Even if an error was professionally unreasonable, it does not warrant setting aside a conviction if the error had no effect on the proceedings. *Id.* at 691.

The defendant's contention that he was denied effective assistance of counsel because his attorney did not allow him to testify raises one problem that the court must address at the outset. A claim charging denial of the constitutional right to testify on one's own behalf is different than a claim of ineffective assistance of counsel based upon an argument of denial of the right to testify. *Frey v. Schuetzle,* 78 F.3d 359, 361 (8th Cir.1996).

The defendant has characterized his claim as an ineffective assistance of counsel claim rather than a denial of his right to testify. The court, however, shall also consider whether the defendant is entitled to relief based upon the defendant's contention that he was denied the right to testify. The court shall consider this argument because we are required to liberally construe a *pro se* petitioner's motion. *Haines v. Kerner,* 404 U.S.

519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Riddle v. Mondragon,* 83 F.3d 1197, 1202 (10th Cir.1996).

▪ "[A] defendant in a criminal case has the right to take the witness stand and to testify in his or her own defense." *Rock v. Arkansas,* 483 U.S. 44, 49, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). The right of the accused to testify is a personal right that only the accused can waive; defense counsel cannot waive the right as a matter of trial strategy without the defendant's consent. *United States v. Bernloehr,* 833 F.2d 749, 751 (8th Cir.1987); *United States v. Curtis,* 742 F.2d 1070, 1076 (7th Cir.1984), *cert. denied,* 475 U.S. 1064, 106 S.Ct. 1374, 89 L.Ed.2d 600 (1986). Any waiver by the defendant must be knowing, intelligent and voluntary. *See Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

The court believes that the resolution of this issue requires an evidentiary hearing. If defendant can prove that his counsel prevented him from testifying despite his request to do so, defendant may be entitled to relief.

▪ Next, we turn to the defendant's other allegations concerning ineffective assistance of counsel. The court believes that a hearing is necessary on some of the claims raised by the defendant. The court, however, does not believe that a hearing is necessary on the issues related to the court's instructions or his counsel's conduct in allowing certain defense files to fall into the hands of a government witness. For the reasons previously stated, the court finds no merit to either of these claims.

As to the remaining claims of ineffective assistance of counsel, the court believes that a hearing is required to decide these claims. The court will appoint counsel to represent the defendant at this time. The court will appoint Jean Phillips of the Kansas Defender Project to represent the defendant. The hearing on the remaining claims is scheduled for April 23, 1998 at 9:30 a.m.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. # 380) be hereby denied in part as set

forth in the foregoing memorandum and order. The remainder of the claims must await an evidentiary hearing. The hearing on these claims is hereby scheduled for April 23, 1998 at 9:30 a.m.

**IT IS FURTHER ORDERED** that Jean Phillips of the Kansas Defender Project, 409 Green Hall, University of Kansas Law School, Lawrence, Kansas 66045, be hereby appointed to represent the defendant in all further proceedings on the instant motion.

**IT IS SO ORDERED.**