**UNITED STATES of America,
Plaintiff,**

v.

**Robert Thomas JOHNSON, Defendant.**

**Nos. 92–40015–03, 97–3125–RDR.**

United States District Court,
D. Kansas.

June 21, 1999.

---

Gregory G. Hough, Office of United States Attorney, Topeka, KS, for Plaintiff.

David Lynn Johnson, Topeka, KS, Pro se.

Jeannine D. Herron, Michael M. Jackson, Topeka, KS, Jean K. Gilles Phillips, Lawrence, KS, for Defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is presently before the court upon defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Having conducted an evidentiary hearing on this matter, the court is now prepared to rule.

BACKGROUND

The defendant was charged in this case with two counts of distribution or possession with intent to distribute phenyl–2–propanone (P2P) in violation of 18 U.S.C. § 841(a)(1) and one count of conspiracy to distribute or possess with intent to distribute P2P in violation of 18 U.S.C. § 846. Allan Hazlett was appointed to represent the defendant. The defendant was convicted by a jury on September 22, 1992 on the conspiracy charge. He was found not guilty on the other charges. He was sentenced to life imprisonment. Following sentencing, Michael Jackson was appointed to represent the defendant on appeal. His conviction was affirmed on appeal, but the case was remanded for resentencing. *United States v. Johnson,* 12 F.3d 1540 (10th Cir.1993), *cert. denied,* 516 U.S. 847, 116 S.Ct. 139, 133 L.Ed.2d 86 (1995). On remand, the defendant was sentenced to 188 months. He appealed again and his sentence was affirmed. *United States v. Johnson,* 51 F.3d 287 (10th Cir.), *cert. denied,* 516 U.S. 847, 116 S.Ct. 139, 133 L.Ed.2d 86 (1995). He subsequently filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). This court reduced his sentence to 151 months. This decision was reversed on appeal. *United States v. Johnson,* 79 F.3d 1156 (10th Cir. 1996), *cert. denied,* 520 U.S. 1251, 117 S.Ct. 2407, 138 L.Ed.2d 174 (1997). On remand, the defendant's prior sentence was reimposed.

The facts underlying the defendant's conviction were set forth in the Tenth Circuit's first opinion in this case as follows:

In February 1992, Rayburn Clark, a confidential informant for the Kansas Bureau of Investigation (KBI), told KBI Agent Randall Listrom that the Johnsons had the necessary chemicals to manufacture methamphetamine and were seeking glassware to be used in the manufacturing process.

On March 4, 1992, David Johnson told Clark that rather than obtain the glassware and complete the manufacturing process, he wanted to sell three gallons of "meth oil" (apparently, P2P), and then leave town. On instructions from the KBI, Clark set up a meeting that night between David Johnson and KBI undercover agent Jim Lane, who posed as a potential buyer. At this meeting, Johnson provided Lane with a 140–gram "sample" of P2P. The following day, David Johnson was arrested for an unrelated parole violation. From jail he arranged by telephone for Robert Johnson and "Rick" (presumably, Niedfeldt) to complete the transaction. Robert met Clark that afternoon and proposed that Clark and Lane meet Robert and Rick and follow them into the countryside. The KBI advised Clark to reject this plan as it appeared too dangerous. David Johnson thereafter instead arranged, again by telephone from jail, to complete the transaction upon his release from jail on March 9.

On that day, Richard Niedfeldt picked up David from jail and drove him, in Niedfeldt's car, to Topeka. They met Lane and Clark in a motel room. After Lane produced $35,000 in cash, David sent Niedfeldt out to the car to retrieve the P2P. David sold Lane three jugs of the chemical, later determined to weigh a total of 11.3 kilograms, for $34,000. As David and Niedfeldt left the room, they were arrested. Niedfeldt, who was carrying the cash in a paper bag, attempted to escape but was tackled by a KBI agent.

12 F.3d at 1543.

The defendant filed his § 2255 motion on April 9, 1997. He raised a variety of issues. On February 11, 1998, the court

denied a portion of the defendant's motion. We determined that an evidentiary hearing was necessary on the remaining claims. The court appointed counsel to represent the defendant. Following this appointment, the defendant sought to amend his motion to add some new claims. This motion was granted on August 14, 1998.

The claims asserted by the defendant that remain pending are as follows: (1) denial of theory of defense; (2) denial of right to testify; and (3) ineffective assistance of counsel. With regard to the ineffective assistance of counsel claims, the defendant contends that his trial counsel (1) did not properly investigate; (2) did not call "critical" witnesses and did not properly examine or cross-examine witnesses; (3) did not read and understand the applicable law; (4) did not object to references to his criminal record; and (5) did not present a requested defense. He further argues that his trial counsel and appellate counsel were ineffective for not objecting to his classification as a career offender on the grounds that a prior attempt to sell cocaine cannot be used to enhance under 29 U.S.C. § 944(h). Finally, the defendant argues that the application of *United States v. Singleton,* 144 F.3d 1343 (10th Cir.1998) requires a new trial.

Having carefully considered the evidence presented at the hearing, the court is now prepared to issue findings of fact and conclusions of law.

FINDINGS OF FACT

1. Allan Hazlett has been a practicing attorney since 1967. Since he began practicing, he has represented numerous criminal defendants in federal court. He has tried many cases before this court. In the past, he has proven to be an effective and competent practitioner.

2. Following the indictment in this case, Hazlett was appointed to represent the defendant. Marilyn Trubey, assistant federal public defender, was appointed to represent David Johnson, the defendant's brother. Trubey had been practicing law since 1987. Joseph Johnson was appointed to represent the other defendant, Richard Niedfeldt. Johnson was an experienced and capable criminal defense attorney.

3. During the course of his representation, Hazlett met with the defendant individually several times. He also had numerous telephone conversations with the defendant. On several occasions, all defendants and their counsel met to discuss common strategy for the trial. On some occasions, Hazlett met only with other counsel to discuss trial strategy.

4. Hazlett understood from reading the information provided by the government that the defendant's alleged involvement in the conspiracy was minimal. After discussions with the defendant, he interviewed several witnesses. He also relied upon interviews conducted by the federal public defender's investigator. The three defendants and their counsel had entered into a joint defense agreement and had agreed to utilize the public defender's investigator to conduct interviews in order to save expenses.

5. Hazlett and the defendant agreed upon a strategy to pursue at trial. Given the defendant's limited involvement in the alleged conspiracy, they decided to adopt a "lay low" approach. Hazlett believed that everything should be done to minimize the defendant's involvement in the entire matter and to disassociate his client from the other defendants. Hazlett and the defendant recognized that the key evidence against the defendant was the meeting with Rayburn Clark on March 5, 1992. Hazlett thought their primary goal should be to attack the credibility of Clark, the only witness that linked the defendant to the conspiracy. The other attorneys agreed with the plan adopted by Hazlett. Trubey noted that the defendant did not object to this strategy during any meetings where all the defendants and their counsel were present.

6. During trial, Hazlett did maintain a low key approach. He believed that he

accomplished much "by simply doing nothing." Many times, he did not ask any questions of a witness since the other defense counsel had covered the necessary issues or the witness had not offered any inculpatory evidence against his client. Nevertheless, Hazlett's performance demonstrated that he had a thorough understanding of the facts and the law concerning his client's case. On several issues, he was passionate in his presentation. He and the other defense counsel aggressively cross-examined Clark. The cross-examination was comprehensive and at times penetrating.

7. Hazlett did not call any witnesses on the defendant's behalf. Hazlett considered calling several witnesses, but determined that the benefit of calling these witnesses was outweighed by the possible negative impact. He further believed all of the information they could provide could be provided through other witnesses. He discussed with the defendant whether the defendant would testify in his own behalf. Hazlett recommended to the defendant that he not testify. Hazlett made this recommendation for several reasons. First, Hazlett had received certain information from the defendant during their pretrial conversations that he believed could be very damaging to the defendant if it were exposed during cross-examination of the defendant. For example, the defendant had informed Hazlett that he was hiding in the trunk of a car with a baseball bat, providing back-up for the drug transaction that occurred on March 5, 1992 and was the subject of Count 2 of the indictment. In addition, the defendant informed Hazlett that during the time period relevant to the indictment he was using "massive quantities of cocaine" and that he was receiving a "cut" from the sale of the drugs. Second, Hazlett was concerned that the defendant's criminal record would be exposed if he testified. Finally, Hazlett believed that government counsel, who was a skilled and effective cross-examiner, would eviscerate the defendant on the stand.

8. During a meeting with all defendants and their counsel after the close of the government's case, a discussion was had on the strategy that would be employed and which defendants would testify. All defendants and their counsel voiced opinions. Hazlett had previously informed the defendant that the decision as to whether to testify belong solely to the defendant. Hazlett did not coerce, intimidate or threaten the defendant concerning his decision to testify. The defendant ultimately voluntarily decided not to testify. Prior to the conclusion of the defendants' case, Hazlett again asked the defendant if he wished to testify, and he indicated that he did not.

9. The jury found the defendant not guilty of two charges, but guilty of conspiracy to distribute or possess with intent to distribute phenyl–2–propanone in violation of 21 U.S.C. § 846.

10. Michael Jackson was appointed to represent the defendant on appeal. Jackson has been practicing law since 1980. He has developed a general practice with about 40% involving criminal defense work. Since 1985, he has handled several federal criminal cases a year, including a number of cases before this court. He is always well-prepared and extremely thorough in his representation of a criminal defendant.

CONCLUSIONS OF LAW

1. In order to obtain relief under 28 U.S.C. § 2255 on the basis of constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict. *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). In order to obtain relief on the basis of non-constitutional error, the petitioner must show a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process.

*Reed v. Farley,* 512 U.S. 339, 353–354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994).

*Denial of Right to Present Defense*

2. The defendant initially argues that his counsel precluded him from deciding what theory of defense to pursue at trial. The defendant contends that a defendant has a fundamental constitutional right to decide what theory of defense to pursue in his case.

3. As stated by the court in prior opinions in this case, the law on whether the Constitution requires that a defendant must be afforded the decision as to what defense to pursue is not clear. Compare *Wainwright v. Sykes,* 433 U.S. 72, 93, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (Burger, C.J., concurring) ("Once counsel is appointed, the day-to-day conduct of the defense rests with the attorney. He, not the client, has the immediate—and ultimate—responsibility of deciding if and when to object, which witnesses, if any, to call, and what defenses to develop. Not only do these decisions rest with the attorney, but such decisions must, as a practical matter, be made without consulting the client.") with *Jones v. Barnes,* 463 U.S. 745, 759, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (Brennan, J., dissenting) ("*Faretta* establishes that the right to counsel is more than a right to have one's case presented competently and effectively. It is predicated on the view that the function of counsel under the Sixth Amendment is to protect the dignity and autonomy of a person on trial by *assisting* him in making choices that are his to make, not make choices for him, although counsel may be better able to decide which tactics will be most effective for the defendant.").

4. The court finds it unnecessary to determine if a defendant or his counsel has the right to determine what defense will be used because we do not find that the defendant's counsel prevented him from presenting his desired defense. The court finds that the defendant and his counsel agreed on the defense to pursue in this case. Hazlett did not prevent the defendant from pursuing any defense. The defendant actively participated in the development and presentation of the defense. The strategy employed was appropriate and proper. The court was not persuaded that the defendant ever suggested a defense to Hazlett that he prevented the defendant from pursuing.

*Denial of Right to Testify*

5. The defendant contends that Mr. Hazlett prevented him from testifying. Accordingly, he argues that he was denied his Sixth Amendment right to testify.

6. "[A] defendant in a criminal case has the right to take the witness stand and to testify in his or her own defense." *Rock v. Arkansas,* 483 U.S. 44, 49, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). The right of the accused to testify is a personal right that only the accused can waive; defense counsel cannot waive the right as a matter of trial strategy without the defendant's consent. *United States v. Bernloehr,* 833 F.2d 749, 751 (8th Cir. 1987); *United States v. Curtis,* 742 F.2d 1070, 1076 (7th Cir.1984), *cert. denied,* 475 U.S. 1064, 106 S.Ct. 1374, 89 L.Ed.2d 600 (1986). Any waiver by the defendant must be knowing, intelligent and voluntary. *See Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

7. The decision not to testify in this case was made by the defendant. He was informed of his right to testify by his counsel. His counsel recommended that he not testify, but he left the ultimate decision to the defendant. The court finds no credible evidence that Hazlett attempted to coerce or impose a decision upon the defendant. The defendant was an experienced criminal defendant who fully understood his rights. The court finds no merit to this claim.

*Ineffective Assistance of Counsel*

8. The defendant contends that his trial counsel was ineffective because (1) he

failed to adequately communicate with him; (2) he failed to perform pretrial investigation; (3) he failed to call and question witnesses; and (4) he did not object to references to his prior criminal record. The defendant also contends that his sentencing and appellate counsel was ineffective for not objecting to his career offender status on the grounds that a prior attempt to sell cocaine cannot be used to enhance under 28 U.S.C. § 944(h).

9. A successful claim of ineffective assistance of counsel requires a showing both that counsel's performance was deficient and that this deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The court must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. 2052. Even if an error was professionally unreasonable, it does not warrant setting aside a conviction if the error had no effect on the proceedings. *Id.* at 691, 104 S.Ct. 2052.

■■ 10. The court finds that Hazlett provided effective and competent assistance during his representation of the defendant. Hazlett adequately investigated the case. He displayed a thorough knowledge of the facts surrounding the case. He also adequately communicated with the defendant. He visited personally with the defendant on several occasions and communicated with him through the mail and the telephone countless times. During their many discussions, they developed a strategy that was at least partially successful. The court agrees with Hazlett that he did more for his client by doing less. Hazlett participated in the trial to the extent that was necessary and provided effective assistance to the defendant throughout the trial. The court finds no merit to the defendant's claim that Hazlett failed to ask important questions of witnesses that did testify or object to prejudicial and inadmissible evidence. The court

further finds no merit to the defendant's claim that Hazlett failed to call witnesses important to his case. Generally, the decision whether to call a witness rests within the sound discretion of trial counsel. *See United States v. Snyder*, 787 F.2d 1429, 1432 (10th Cir.), *cert. denied*, 479 U.S. 836, 107 S.Ct. 134, 93 L.Ed.2d 78 (1986). Given the information he possessed and the trial strategy that was adopted, Hazlett made appropriate decisions concerning witnesses.

*Sentencing*

11. The defendant suggests that sentencing and appellate counsel should have objected to the use of an attempted sale of cocaine to enhance his sentence as a career offender. It is the position of the defendant, relying primarily on *United States v. Price*, 990 F.2d 1367 (D.C.Cir.1993), that the Sentencing Commission overstepped the bounds of 28 U.S.C. § 994(h) by including conspiracy and attempt crimes within the career offender category.

■ 12. This issue is easily resolved. As recognized by the defendant, the Tenth Circuit has held that conspiracy crimes can trigger enhancement under the career offender statute. *United States v. Allen*, 24 F.3d 1180, 1187 (10th Cir.), *cert. denied*, 513 U.S. 992, 115 S.Ct. 493, 130 L.Ed.2d 404 (1994). The Tenth Circuit has not specifically addressed whether attempts can also trigger enhancement, but other circuits have so concluded. *United States v. Smith*, 54 F.3d 690, 692–93 (11th Cir.), *cert. denied*, 516 U.S. 926, 116 S.Ct. 329, 133 L.Ed.2d 229 (1995); *United States v. Costello*, 68 F.3d 475, 1995 WL 611153 (6th Cir.1995); *United States v. Carpenter*, 11 F.3d 788, 791 (8th Cir.1993), *cert. denied*, 511 U.S. 1043, 114 S.Ct. 1570, 128 L.Ed.2d 214 (1994). The Sixth Circuit has suggested that the reasoning for allowing conspiracy crimes to trigger enhancement also applies to attempts. *See Costello*, 1995 WL 611153 at *1. The court agrees with the analysis and conclusion reached by the court in *Costello*, and we believe that the

Tenth Circuit would reach the same result. Accordingly, the court finds no merit to this claim.

*Singleton Decision*

13. The defendant contends that the Tenth Circuit's decision in *Singleton* requires a new trial. Following the hearing in this case, the Tenth Circuit sitting *en banc* vacated the original panel decision in *Singleton. United States v. Singleton,* 165 F.3d 1297 (10th Cir.1999) (en banc). Accordingly, this argument must now be rejected.

CONCLUSION

In sum, the court finds no merit to the claims raised by the defendant. The court finds that the defendant was not denied his theory of defense, his right to testify, or effective assistance of counsel. His trial counsel was adequately prepared for trial and he properly represented the defendant throughout the trial. The court does not find that his representation fell below an objective standard of reasonableness. The defendant was not prejudiced by the failure of either his trial counsel or his appellate counsel to object to his classification as a career offender on the grounds that a prior attempt to sell cocaine cannot be used for enhancement purposes under 28 U.S.C. § 994(h). Finally, the Tenth Circuit's decision in *Singleton* does not mandate a new trial.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. # 380) be hereby denied.

**IT IS SO ORDERED.**